HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARLENE MENDOZA GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a foreign company,<br><br>Defendant. | Case No. 2:24-cv-01832-RAJ<br><br>ORDER |

# I. INTRODUCTION

This matter comes before the Court on the parties' Motions *in Limine* (collectively, the "Motions"). Dkt. ## 62, 64. The Court issued an order granting in part and denying in part the Motions on August 7, 2026 (the "Initial Order," Dkt. # 66). In the Initial Order, the Court took certain Motions under advisement pending supplemental briefing and argument at the August 13, 2026 pre-trial conference (the "Pre-Trial Conference"). At the Pre-Trial Conference, the Court heard from the parties on the Motions taken under advisement. The Court made oral rulings on several of the Motions, and took others under further advisement. This Order serves to memorialize and supplement the rulings made during the Pre-Trial Conference. Specifically, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions discussed at the Pre-Trial Conference, and **RESERVES RULING** on certain of the Motions, as set forth in this Order.

To the extent that either party wishes to make an objection during trial premised on the Court's ruling on any Motion, counsel must identify the Motion by number and cite the relevant portion of the applicable Order with specificity.

### 1. Plaintiff's Motion *in Limine* No 1: To Bar Safeco from Introducing Evidence, Testimony, Or Argument Concerning Loans or Financial Advances Made by Plaintiff's Public Adjuster

Plaintiff moves to preclude Safeco from introducing evidence that Pacific Public Adjusters ("PPA") made loans or financial advances to Plaintiff, on the basis that such evidence is "both irrelevant and highly prejudicial." Dkt. # 64 at 3. The Court initially reserved ruling on this Motion and directed Safeco to respond to Plaintiff's relevancy and prejudice arguments. Dkt. # 66 at 3. In its response, Safeco argued that Plaintiff brought PPA's loans into the case through her deposition testimony and is now improperly seeking to shield that evidence from coming in at trial. Dkt. # 69 at 1–2.

The Court has considered the parties' arguments at the Pre-Trial Conference, which suggested that the loans and financial advances made by PPA may fall outside the typical

norms governing conduct undertaken by public adjusters. Additionally, the Court is mindful of the low threshold of relevance imposed by the Federal Rules of Evidence. *See* Fed. R. Evid. 401. The Court therefore concludes that the probative value of this evidence (to, at minimum, Safeco's counterclaim) is not substantially outweighed by any danger of unfair prejudice, confusion, misleading the jury, or undue delay. *Id.* at 401–03. The Court **DENIES** this Motion.

**2. Plaintiff's Motion *in Limine* No 3: To Limit Evidence Concerning the First Claim to Matters Directly Relevant to The Alleged Overlap, The Condition of The Home Before the Second Loss, And Safeco's Counterclaim**

At the Pre-Trial Conference, Plaintiff indicated that she intends to withdraw this Motion. The Court accordingly issues no ruling on this Motion.

**3. Safeco's Motion *in Limine* No. 4: To Exclude Plaintiff's Untimely Disclosed Witnesses, Evidence, and Testimony**

Safeco seeks to prohibit introduction of any evidence not disclosed prior to the March 26, 2026 discovery deadline, particularly Plaintiff's supplemental disclosures occurring thereafter. Dkt. # 62 at 3–5. The Court reserved ruling on this Motion and directed Plaintiff to respond to Safeco's Motion. Dkt. # 66 at 6. The Court explicitly ordered Plaintiff to explain why evidence derived from the untimely supplemental disclosures is admissible—specifically, why her failure to timely file the supplemental disclosures was "substantially justified or harmless" under Fed. R. Civ. P. 37(c)(1)). *Id.* Plaintiff filed a response and made specific arguments with respect to each of the untimely disclosures. Dkt. # 72 at 1–3. The Court heard argument on each of these issues at the Pre-Trial Conference, and makes the following rulings:

**i. <u>Taylor Babb</u>**

Safeco indicated during the Pre-Trial Conference that it withdraws the Motion as to Taylor Babb. The Court accordingly issues no ruling on this Motion as to Taylor Babb.

**ii. Plaintiff's Children: Raul Partida and Dinah Gonzales**

Plaintiff notes that she identified her children in a prior timely discovery response. Dkt. # 72 at 2. While she did not identify them by name, their identities were reasonably discoverable to Safeco based on the record in this case. Accordingly, the Court **DENIES** the Motion with respect to Plaintiff's supplemental disclosures regarding Raul Partida and Dinah Gonzales. *See D.T. v. NECA/IBEW Family Med. Care Plan*, 2020 WL 59647, at *1, No. 2:17-cv-00004-RAJ (W.D. Wash. Jan. 6, 2020) (untimely formal identification is harmless "where the witness's identity, position, location, and the subject of the information he possesses are made known to the opposing party well ahead of the discovery deadline.").

**iii. HOA Employee Corley and Neighbors Schuman And Elliott-Schuman**

Plaintiff argues that she identified the HOA and her neighbors in a timely discovery response. Dkt. # 72 at 2. However, that disclosure merely provides:

> Plaintiff was at a medical appointment at the time of the incident and was first informed of the incident by her neighborhood's HOA. A neighbor was also able to enter the Property to turn off water and electricity for immediate mitigation.

Dkt. # 73-1 at 6. As reflected on the record following argument during the Pre-Trial Conference, the Court finds that this generalized identification of Plaintiff's "neighborhood's HOA" and an unnamed "neighbor" did not enable Safeco to identify potential related witnesses without undue burden. Accordingly, the Court **GRANTS** the Motion as to Plaintiff's supplemental disclosure regarding Corley, Schuman, and Elliott-Schuman.

**iv. March 30, 2026 PPA Letter**

Plaintiff correctly notes that PPA's letter dated March 30, 2026, "did not exist at the March 26 discovery cutoff." Dkt. # 72 at 2. While Safeco argued at the Pre-Trial Conference that the underlying Safeco estimate to which this letter responds was available since April 2024, this does not change the fact that PPA's *response* thereto postdated the discovery conference. Its untimely disclosure is therefore "substantially justified." Fed.

R. Civ. P. 37(c). Given that this document reflects PPA correspondence itemizing Plaintiff's objections to Safeco's allegedly deficient estimate, the Court also finds that the document has obvious relevance to this action substantially outweighing any prejudice caused by its untimely disclosure. Fed. R. Evid. 401–03. Accordingly, the Court **DENIES** this Motion as to the March 30, 2026 PPA letter.

**v. <u>Pre-Loss Photographs, January 15, 2024 Management Solutions Correspondence, and Credit Reports</u>**

Following argument at the Pre-Trial Conference, the parties indicated that they would meet and confer in an effort to resolve their disputes with respect to Plaintiff's disclosures regarding the pre-loss photographs, January 15, 2024 Management Solutions correspondence, and credit reports. The Court therefore **RESERVES RULING** on this Motion with respect to these materials.

**vi. <u>Owen Supplement</u>**

In her response to the Court's Initial Order and during the Pre-Trial Conference, Plaintiff indicated that the supplemental expert report of her expert Mary Owen was premised on evidence that was unavailable when the original reports was served: namely, Safeco's own untimely production of a key document (the claim log, with pared-back redactions), and the deposition of John Windmueller. *See also* Dkt. # 72 at 2–3. Safeco did not rebut these specific assertions at the Pre-Trial Conference, and the Court concurs that these interim developments justified the supplementation of the reports after the discovery deadline. *See Sudre v. Port of Seattle*, No. C15-0928-JLR, 2016 WL 7035062, at *22 (W.D. Wash. Dec. 2, 2016) (allowing supplementation based on deposition testimony obtained after the expert deadline); *Lo v. United States*, No. 2:17-cv-01202-RAJ, 2021 WL 5121745, at *2 (W.D. Wash. Nov. 3, 2021) (allowing supplementation based on "information that was not available at the time of the initial disclosure.") Accordingly, the Court **DENIES** the Motion with respect to the supplemental disclosures concerning Plaintiff's expert Mary Owen.

**vii. Leer Supplement**

At the Pre-Trial Conference, Plaintiff explained that the supplemental report of her expert Jeffrey Leer was justified by the availability of updated price lists. The Court agrees with Plaintiff that the supplementation of Leer's report after the discovery deadline is acceptable for these limited purposes. *See Atlas Flooring, LLC v. Porcelanite S.A. DE C.V.*, 425 F. App'x 629, 632 (9th Cir. 2011) (district court did not abuse its discretion when it allowed expert to testify about updated damage calculations, and observing that the expert "did not issue a new report. Rather, he updated his report (using the same methodology) based on more current information reflecting ongoing damages.") Accordingly, the Court **DENIES** the Motion with respect to the supplemental disclosures concerning Plaintiff's expert Jeffrey Leer.

**4. Safeco's Motion *in Limine* No 12: To Exclude Testimony, Arguments, or Evidence Regarding Increases in Insurance Costs**

At the Pre-Trial Conference, the parties agreed that this Motion is moot. The Court therefore will not issue a ruling on this Motion.

**5. Safeco's Motion *in Limine* No 17: To Prohibit *Voir Dire* Questioning Regarding Ability to Award Specific Amount of Damages or Commit to Plaintiff's View of Case**

Safeco seeks to prohibit Plaintiff's counsel from using *voir dire* questioning to "educate the jury panel as to the particular facts of the case, get jurors to commit to vote a particular way on liability or damages, prejudice the jury in any way against a particular party, or indoctrinate or even instruct them on matters of law." Dkt. # 62 at 12–13. The Court granted this Motion in part, but reserved ruling on the prohibition of *voir dire* questions related to damages, directing Plaintiff to respond and identify proposed *voir dire* questions related to damages. Dkt. # 66 at 12.

Plaintiff proposes 20 *voir dire* questions related to damages. Dkt. # 74-1. Plaintiff claims that the questions "are narrowly tailored to identify potential juror bias concerning monetary damages without identifying any specific damages demand, educating the panel about the particular facts of this case, arguing Plaintiff's case, or asking prospective jurors

to commit to a particular result." Dkt. # 72 at 3. At the Pre-Trial Conference, Safeco objected to Plaintiff's proposed damages *voir dire* questions 12, 14–18, and 20. The Court indicated that it would consider incorporating Plaintiff's proposed questions into the Court's *voir dire* when the parties submit their remaining and final *voir dire* questions to the Court. Accordingly, the Court **RESERVES RULING** on this Motion.

### 6. Safeco's Motion *in Limine* No. 19: To Exclude, Seal, or Protect Confidential and Trade Secret Information from Public Disclosure at Trial

Safeco initially stated that it proposes "several steps the Court can take to preemptively protect certain confidential information (in exhibit, deposition, or testimonial form) from public disclosure at trial, including but not limited to employee compensation/incentive plans marked as confidential." Dkt. # 62 at 13. However, Safeco failed to outline these steps with specificity in the Motion. Accordingly, the Court reserved ruling on the Motion and directed Safeco to file a response identifying the specific steps it proposes to protect confidential information, and detailing how those steps will conform with applicable rules governing the sealing of documents. The Court also noted its expectation that the parties would meet and confer regarding the appropriate procedural steps prior to the PTC. Dkt. # 66 at 12.

In its response, Safeco proposed "a meet and confer with counsel to attempt to reach an agreement to minimize the amount of material sealed in the Court file." Dkt. # 69 at 3. Safeco specifically proposes "to discuss less restrictive alternatives such as the use of hard copy exhibits of trade secret material at trial, potential redactions, and limitations of visual displays solely to the jury and parties." *Id.* (citations omitted). At the Pre-Trial Conference, Safeco indicated that its approach to the issues contemplated by this Motion would be contingent on the Court's ruling on Safeco's Motion *in Limine* No. 25. The Court **GRANTS** this Motion, but informs the parties that additional rulings may be required during trial based on the specific evidence ultimately offered and the proposed steps applicable to the proffered material.

**7. Safeco's Motion *in Limine* No. 22: To Exclude Plaintiff's Expert Testimony Constituting Legal Conclusions**

Safeco moved to exclude testimony from Plaintiff's expert Mary Owens constituting legal conclusions as to whether conduct was: (1) "bad faith;" (2) unreasonable as a matter of law; or (3) violated specific regulations of the Washington Administrative Code or law alleged in this suit. Dkt. # 62 at 15–16. The Court granted the Motion and ordered that "Plaintiff's expert may not testify that Safeco's conduct violated Washington law." Dkt. # 66 at 14. Plaintiff thereafter sought clarification that questions regarding the reasonableness of the claim handling by Safeco or Liberty Mutual pursuant to industry standards and norms are permissible. Dkt. # 71 at 1–2 (citing, *inter alia*, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004)).

Based on the arguments offered by the parties at the Pre-Trial Conference, the Court **RESERVES RULING** on this Motion, as the limits of the experts' testimony will necessarily depend on the context of the examination, what foundation has been established, and the specific inquiry posed by counsel. To the extent that counsel have disputes regarding the scope of expert testimony, counsel may object during examination and request that the Court take a short recess to resolve the dispute.

**8. Safeco's Motion *in Limine* No. 25: To Exclude Reference or Argument that Safeco's April 2024 Internal Reserve or Technical Review Were Its "Repair Estimate"**

Safeco sought to prohibit Plaintiff's counsel from referring to Safeco's April 2024 Coverage A-Dwelling reserve as a "repair estimate" and to exclude evidence of this internal reserve and the related technical reviews on the basis that it will "mislead and confuse the jury." Dkt. # 62 at 18–19. The Court reserved ruling and directed Plaintiff to respond to the Motion. Dkt. # 66 at 15. The Court also noted that, if it "ultimately allows evidence related to the April 2024 reserve and related technical reviews to be offered at trial, it will require the parties to seek approval of the Court prior to commencing examination." The Order provided that the parties "will be required to proffer to the Court bases for admissibility, including the relevance of the specific evidence related to the reserve or

technical reviews." *Id.*

In her Response, Plaintiff argued that the discrepancy between Safeco's dwelling-repair "projection" of $238,249.38 in the technical review and the $300,000 reserve reflected in Safeco's March 19 claim log is "relevant given Safeco's contemporaneous evaluation of the dwelling exposure and its adjuster's actual authority bears on the reasonableness of Safeco's investigation, valuation, overlap analysis, and ultimate payment determination." Dkt. # 72 at 3–4. Plaintiff also proposed that "[a]ny confusion can be addressed by allowing Safeco to explain the purpose of a reserve and a technical review and, if necessary, by a limiting instruction." *Id.* at 4.

As noted after the parties' argument on this Motion during the Pre-Trial Conference, the Court finds that the evidence offered by Plaintiff is directly relevant to the parties' disputes in this litigation. Fed. R. Evid. 401–03; *see also* Miller v. Kenny, 180 Wash. App. 772, 325 P.3d 278 (2014) (acknowledging that "reserves may be relevant and admissible in a case where the issue is whether the insurance company fulfilled its duty to adjust the insured's claim in good faith.") Safeco's objections to this evidence, which principally relate to alleged definitional issues and distinctions between the "repair estimate", the "reserve", the "payment authority", and the "technical-review projection", are factual issues for the jury's consideration. Safeco may address these issues during its examinations and presentation of the case, but its objections to Plaintiff's characterization of these figures goes to the weight of the evidence rather than its admissibility. Accordingly, the Court **DENIES** this Motion.

**9. Safeco's Motion *in Limine* No. 27: To Exclude Reference or Argument of Plaintiff's Speculations of Financial Insecurity**

Plaintiff requested clarification that the Court's ruling on this Motion in its Initial Order "does not preclude non-hyperbolic descriptions of Ms. Gonzales' financial distress, anxiety, emotional distress, and fear," given that plaintiffs are entitled to "recover for financial hardships caused by an insurance company's bad faith, as well as anxiety, emotional distress, and fear" under Washington law. Dkt. # 71 at 3. Plaintiff also sought

to clarify that the Initial Order's prohibition on testimony concerning financial difficulties if Plaintiff does not receive a jury award "forms a limitation on this holding." *Id.* at 2–3.

The Court confirms that its Initial Order precludes Plaintiff from introducing hyperbole or speculation regarding her potential future financial status without evidentiary support. Plaintiff may not project her future financial status if the jury does not award damages in her favor in this litigation. The Court's Orders do not preclude Plaintiff from testifying about her financial status generally, including as a result of Safeco's claims handling process. To the extent that Safeco believes Plaintiff has exceeded these parameters during trial, Safeco is entitled to object.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions discussed at the Pre-Trial Conference, and **RESERVES RULING** on certain of the Motions, as set forth in this Order. Dkt. ## 62, 64.

Dated this 14th day of August, 2026.

The Honorable Richard A. Jones
United States District Judge